IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICK LINDSTROM,<br><br>        Plaintiff,<br><br>     v.<br><br>BINGHAM COUNTY, IDAHO, a political subdivision of the State of Idaho,<br><br>        Defendant. | Case No. 1:17-CV-019-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to dismiss the claim under the Family Medical Leave Act (FMLA). The motion is fully briefed and at issue. For the reasons expressed below, the Court will deny the motion.

## ANALYSIS

Plaintiff Lindstrom alleges that he was laid off from his job with defendant Bingham County as manager of the Rattlesnake Landfill in violation of the FMLA and the Americans with Disabilities Act (ADA). Bingham County has responded by seeking to dismiss the FMLA claim. In determining whether the FMLA claim is subject to dismissal, the Court must assume the truth of all allegations in the complaint.

Because Lindstrom had a serious health condition, Bingham County granted him leave under the FMLA that began on September 25, 2014. He was entitled to 12 weeks of leave under the FMLA, and "on return from such leave" was entitled to either his prior job or an "equivalent" position. *See* 29 U.S.C. §§ 2612(a)(1)(D), 2614(a)(1). The FMLA

allows employers the right to require a medical release to work following FMLA leave before an employer is required to reinstate the employee. *See* 29 U.S.C. § 2614(a)(4). If the employee is "unable to perform an essential function of the position because of a physical or mental condition" he is not entitled to restoration of his job under the FMLA, although he may have rights under the ADA. *See* 29 C.F.R. 825.216 (c).

Lindstrom's 12 weeks of FMLA leave expired on December 16, 2014. Prior to that date he contacted Bingham County and asked that he be allowed to return to work at the Rattlesnake Landfill. While his request was subject to work restrictions from his doctors, he alleges nevertheless that "he was able to perform the essential functions of his former job at Rattlesnake." *See Amended Complaint (Dkt. No. 6)* at ¶ 17. Bingham County responded by denying his request and assigning him to another landfill that was not an equivalent position as required by the FMLA, Lindstrom alleges. The work at the other landfill was too physically demanding so Lindstrom did not return to work. Eventually, he was laid off.

These allegations set forth a prima facie case for a violation of the FMLA. *See Sanders v. City of Newport,* 657 F.3d 772 (9th Cir. 2011). But Bingham County responds that the FMLA claim must be dismissed because it is undisputed that Lindstrom could not perform an essential function of his prior job on or before the date his FMLA leave expired, December 16, 2014. It is not entirely clear, however, that this is undisputed. Lindstrom alleges that "he was able to perform the essential functions of his former job at Rattlesnake." *See Amended Complaint (Dkt. No. 6)* at ¶ 17. Does Lindstrom mean that he had that ability before December 16, 2014, or only after that date? It makes a difference.

**MEMORANDUM DECISION & ORDER – PAGE 2**

As discussed above, Lindstrom was not entitled to FMLA rights if he was "unable to perform an essential function of the position because of a physical or mental condition." *See* 29 C.F.R. 825.216 (c). If he was not able to perform an essential function of his job within the 12-week period, he lost his FMLA rights. *Edgar,* 443 F.3d at 506-507, 513; *White v. Beltram Edge Tool Supply, Inc.*, 789 F. 3d 1188, 1198 (11th Cir. 2015).

Reading Lindstrom's allegations broadly, and granting all inferences in his favor, the Court must interpret his allegation quoted above to mean that he could perform the essential functions of the job prior to December 16, 2014, and that he so notified Bingham County. Thus, the Court cannot find, as Bingham County urges, that Lindstrom essentially conceded this issue.

Even so, the County argues, Lindstrom never presented the County with a medical release until December 31, 2014, two weeks after his FMLA leave expired. As discussed, the FMLA allows employers the right to require a medical release to work before an employer is required to reinstate the employee under the FMLA. *See* 29 U.S.C. § 2614(a)(4). While Bingham County implies that it had such a rule in place, the County does not identify where in the record the rule is contained. The fact that Lindstrom eventually provided a medical release indicates that a rule of some kind may have been in place, but the Court cannot enforce a rule that it has never seen.

For all of these reasons, the Court will deny the motion to dismiss.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 9) is DENIED.

DATED: August 23, 2017

_____
David C. Nye
U.S. States District Court Judge